| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>SLOW FOOD USA PTY LTD. *doing business as*<br>MARKET LANE NYC,<br><br>                          Plaintiff,<br><br>              -against-<br><br>NEW WTC RETAIL OWNER LLC,<br><br>                        Defendant.<br>------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 02/03/2020<br><br>20-CV-00830 (VEC)<br><br>ORDER |

VALERIE CAPRONI, United States District Judge:

       WHEREAS on January 30, 2020, Plaintiff Slow Food USA Pty. Ltd. (SFUSA) commenced this action and filed an emergency motion requesting an immediate order directing that the U.S. Marshals Service seize kitchen equipment located on Defendant's premises, *see* Dkt. 5 at 9–10;

       WHEREAS both parties appeared for a hearing on Plaintiff's motion on January 31, 2020;

       WHEREAS the equipment at issue consists of refrigerators, shelving, sinks, and an array of other generic kitchen installations and devices;

       WHEREAS SFUSA, an Australian entity, leased the equipment from a non-party Silver Chef Rentals Pty Ltd, another Australian entity, and then allowed a subsidiary, Slow Food LLC ("Slow NY"), who was a tenant on Defendant's premises, to use and install the equipment;

       WHEREAS Defendant is a limited liability company whose membership is not yet known, though it has an affiliate that is a non-U.S. entity, Hearing Tr. at 2–3;

       WHEREAS Defendant evicted Slow NY from the premises for failure to pay rent;

WHEREAS Slow NY left the equipment on the premises;

WHEREAS SFUSA now seeks possession of the equipment allegedly so that SFUSA can return it to the owner, Silver Chef;

WHEREAS Defendant has refused to return the equipment to SFUSA pending a determination of the equipment's rightful owner;

WHEREAS Plaintiff claims, "upon information and belief," that Defendant "is planning on taking swift action to move, sell, or otherwise interfere with" the equipment, even though Defendant has represented that it will not remove the equipment, Dkt. 5 ¶¶ 55, 56;

WHEREAS Plaintiff concedes that the equipment at issue is not unique, Hearing Tr. at 9 ("I wish I could say there was something unique about a slop sink, but I wouldn't be that disingenuous.");

WHEREAS Plaintiff concedes that its argument that the equipment "is and contains SFUSA trade secrets" is frivolous, Hearing Tr. at 8 ("There is no intellectual property specifically in what is referred to here.");

WHEREAS Plaintiff argued at the hearing that the configuration of the kitchen could be proprietary information but there is no evidence, or even a representation, in the record that it is, *see* Hearing Tr. at 10 ("[T]o some degree there may be an issue of how Slow Foods, the plaintiff, sets up its facilities around the world because Slow Foods does have affiliates around the world and it competes around the world.");

WHEREAS Plaintiff concedes that, to the extent its relationship with Silver Chef is being harmed by Defendant's retention of the equipment, the relationship would not be harmed if Plaintiff continued to pay its obligations under the equipment rental agreement, Hearing Tr. at 11;

WHEREAS there is no dispute that Plaintiff has no ownership interest in the equipment, *see* Dkt. 5-2 (equipment rental agreement stating that the equipment "remains the property of Silver Chef at all times" and that SFUSA "cannot sell, give, assign, lend or release the Equipment to a third party as it is the property of Silver Chef");

WHEREAS Defendant opposed Plaintiff's motion at the hearing; and

WHEREAS Plaintiff's counsel conceded at the hearing that Plaintiff is "not entitled to a preliminary injunction, especially since, and I disclosed it in our papers, the landlord said that they would not move" the equipment, Hearing Tr. at 27;

IT IS HEREBY ORDERED THAT, for the reasons stated at the hearing, Plaintiff's motion for emergency relief is DENIED. To obtain a temporary restraining order or a preliminary injunction, the movant must establish (1) irreparable harm; and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that granting preliminary relief is in the public interest. *See New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015); *Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) ("The standard for an entry of a TRO is essentially the same as for a preliminary injunction."). Based on the record currently before the Court and given Plaintiff's concessions at the hearing, there has been no showing of irreparable harm. The equipment is neither unique nor irreplaceable; Plaintiff's relationship with Silver Chef would be preserved if Plaintiff were to pay for the leased equipment; and Defendant is unlikely to dispose of the equipment. Furthermore, Plaintiff has not shown a likelihood of success on the merits, in terms of demonstrating that it has a superior right to possess the equipment. Plaintiff has no ownership interest in the equipment, and it failed to produce Slow

3

NY's lease with Defendant, which Plaintiff acknowledged requires Slow NY to leave all "fixtures" on Defendant's premises. *See* Hearing Tr. at 13. It is also unclear at this juncture whether Plaintiff will be able to carry its burden of showing complete diversity between it and the currently unknown members of Defendant New WTC Retail Owner LLC. Because Plaintiff has failed to make the requisite showing as to the two most important factors for preliminary relief, the motion is denied.

In advance of the initial conference to be scheduled in a separate order, the parties are directed to take reasonable steps to ascertain whether Defendant's membership consists of at least one non-U.S. individual or entity. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[W]e do not have diversity jurisdiction over cases between aliens. More specifically, 'diversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.'").

The Clerk of Court is respectfully requested to terminate the open motion at docket entry 5.

**SO ORDERED.**

Date: February 3, 2020
New York, New York

**VALERIE CAPRONI**
**United States District Judge**